# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA SPRUYTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2459-DDC-GEB |
| | ) |
| WALMART, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE AND ORDER TO SHOW CAUSE

**To Defendants:**

On October 12, 2021, Defendants Walmart, Inc. and Wal-Mart Stores L.P. removed this case from the District Court of Johnson County, Kansas[1] asserting this court has subject matter jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of jurisdiction between all plaintiffs and all defendants.[2] The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[3] and a case "shall be remanded," if at any time before final judgment "it appears that the district court lacks subject matter jurisdiction."[4] The Notice of Removal fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as required by § 1332.

---

[1] ECF No. 1.
[2] 28 U.S.C. § 1332(a); *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014).
[3] *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011).
[4] 28 U.S.C. 1447(c).

To determine whether diversity jurisdiction exists, the Court considers each party's state(s) of citizenship. Defendants allege, based upon Plaintiff's Petition, that Plaintiff resides in Vassar, Osage County, Kansas.[5] However, a resident of state is not the same as a citizen of a state. An individual "is a citizen of a state if the person is domiciled in that state."[6] Domicile is established by "physical presence in a place with a certain state of mind concerning one's intent to remain there."[7] A person's residence is not synonymous with domicile.[8] Defendants' allegation that Plaintiff resides in Kansas is not the same as alleging Plaintiff is domiciled in Kansas and is therefore a citizen of Kansas.

The citizenship of a business entity is determined by its organizational structure. A corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located.[9] Defendants appropriately allege Defendant, Walmart, Inc. was incorporated in Delaware with its principal place of business in Bentonville, Arkansas.[10] For unincorporated entities, such as limited partnerships or limited liability corporations, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'"[11] And where a unincorporated entity in turn has another unincorporated entity as a member, the citizenship of those sub-members must be alleged

---

[5] ECF No. 1 at 2.
[6] *Middleton* at 1200 (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).
[7] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).
[8] *Siloam Springs Hotel, LLC. v. Century Sur. Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015).
[9] *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).
[10] ECF No. 1 at 2.
[11] *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016); see also *Siloam Springs Hotel* at 1234.

as well.[12] Defendants set out the limited and general partners of Defendant, Wal-Mart Stores East L.P., which are two limited liability companies.[13] Defendants goes on to identify the sole member of both limited liability companies as "Walmart Stores East, LLC (f/k/a Walmart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Stores, Inc."[14] But Defendants have not pled the members of Walmart Stores East, LLC. Thus, the Court cannot make a determination on the citizenship of Wal-Mart Stores East L.P.

Because the Notice of Removal does not establish complete diversity of citizenship on its face, the Court orders Defendants to **show cause** in writing to the undersigned United States Magistrate Judge, on or before November 2, 2021 why she should not recommend to the District Judge that this case should be remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2021.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge

---

[12] *Cosgrove v. KKR Legends, LLC*, Case No. 15-2476-JWL, 2015 WL 1426327, at *1 (D. Kan. March 27, 2015) (collecting cases).
[13] ECF No. 1 at 2-3.
[14] *Id.* at 3.